IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STANLEY FORD, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN ANGELA STUFF, <br><br> Respondent. | CASE NO. 5:24-CV-01502 <br><br> DISTRICT JUDGE <br> DAN AARON POLSTER <br><br> MAGISTRATE JUDGE <br> AMANDA M. KNAPP <br><br> **MEMORANDUM AND ORDER** |

Before the Court are two motions filed by *pro se* Petitioner Stanley Ford ("Petitioner"): a Motion to Compel Respondent to Provide the Complete State Court Record ("Motion to Compel") (ECF Doc. 11); and a second Motion for Extension of Time to File the Traverse ("Motion for Extension of Time") (ECF Doc. 14). Respondent opposes the Motion to Compel, at least in part. (ECF Doc. 12.) Petitioner filed a Response to Respondent's opposition. (ECF Doc. 13.) Respondent did not file a brief opposing the Motion for Extension of Time. For the reasons that follow, the Motion to Compel is GRANTED IN PART and DENIED IN PART, and the Motion for Extension of Time is GRANTED.

### I. PROCEDURAL BACKGROUND

On August 7, 2024, Petitioner, proceeding *pro se,* filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court.[1] (ECF Doc. 1.) In his petition, he raised one ground for habeas relief:

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition did not arrive at the Court for filing until September 3, 2024, Petitioner states that he placed it in the prison mailing system on August 7, 2024. (ECF Doc. 1 p. 15.) Thus, the Court will consider the Petition as filed on August 7, 2024.

1

> GROUND ONE: Petitioner was denied right to counsel and due process of law in violation of the Fifth, Sixth, and Fourteenth Amendment [sic] under the U.S. Constitution.

(*Id*. at p. 5.) In his memorandum of law, Petitioner asserts that he invoked his right to counsel during the police interrogation following his arrest, but that the interrogating officers continued to question him anyway. (ECF Doc. 1-1, pp. 3-4.) He bases his claim for relief on the trial court's denial of his motion to suppress statements from his interrogation and the Ninth District Court of Appeals decision upholding the trial court's decision. (*Id*. at pp. 4-7.)

Petitioner's Motion to Compel was docketed in this Court on December 30, 2024. (ECF Doc. 11.) Petitioner's first Motion for Extension of time to file the Traverse was also docketed on that date. (ECF Doc. 10.) The undersigned granted the first Motion for Extension of Time, giving Petitioner until February 24, 2025, to file his Traverse. In the Motion to Compel, Petitioner seeks to compel Respondent to provide the complete trial transcripts, including transcripts of his interrogation recordings. (*Id*. at p. 2.) Respondent filed a Response to the Motion to Compel on January 14, 2025. (ECF Doc. 12.) Petitioner's reply was docketed on January 27, 2025. (ECF Doc. 13.)

Petitioner's second Motion for Extension of Time was docketed in this Court on February 26, 2025. (ECF Doc. 14.) In this Motion, Petitioner contends that he cannot perfect his Traverse without the complete trial transcripts and requests 30-days from the date the complete transcripts are filed to file his Traverse. (*Id*.)

## II. DISCUSSION

### A. Motion to Compel

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition."

2

Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (2010). "The decision of whether to expand the record, however, is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008). Because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," a federal habeas court may only review evidence in the record at the time of the state court proceedings. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).

Petitioner seeks to compel Respondent to provide all transcripts of pre-trial proceedings, all volumes of the trial transcripts, and a transcript of Petitioner's interrogation recording. (ECF Doc. 11, p. 2; ECF Doc. 13, p. 2.) In support of his request, Petitioner asserts that the "transcript of interrogation recordings . . . are necessary in perfecting ground one of Petitioner's writ of habeas corpus. In ground one of the petition, Petitioner asserts that at trial the prosecutor used inadmissible statements in violation of his *Miranda* rights." (ECF Doc. 11, p. 2.) He further contends that he needs the complete trial transcripts to meet his burden to show that "no fair-minded jurist" could have reached the same judgment as the state court. (ECF Doc. 13, p. 2 (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011).)

Respondent contends that she was not required by the Rules Governing § 2254 Cases to submit the complete transcript, but only those portions she considered relevant. (ECF Doc. 12, p. 2.) Respondent also points out that she already filed the transcript of the suppression hearing, the hearing most relevant to Petitioner's sole ground for relief. (*Id*. at pp. 2-3; *see* ECF Doc. 7-2.) However, Respondent also identifies the two volumes of the trial transcript where "[t]he suppression issue was renewed" and "the trial court overruled the renewed objections based on the trial court's previous written rulings," and indicates that she does not oppose supplementing

the record to include those two volumes. (ECF Doc. 13, p. 3.) Respondent further asserts that the transcript of Petitioner's May 23, 2017 interview was not submitted into evidence at trial, but was listed in the index as "also included." (*Id*.) Respondent does not oppose supplementing the record with the interview transcript. (*Id*.)

As Respondent does not object to submitting portions of the trial transcript and the May 2017 interview transcript, and as those transcripts may be relevant to Petitioner's claim, the undersigned GRANTS Petitioner's Motion to Compel as to what has been identified as Volumes 28 and 29 of the trial transcripts and the May 23, 2017 interview transcript. (*See id*.) Respondent shall file these transcripts on or before March 28, 2025.

As for Petitioner's request that Respondent submit all 41 volumes of the trial transcript and the other 20 pretrial transcripts, the undersigned agrees with Respondent that Petitioner has not articulated sufficient reasons to require Respondent to file those additional parts of the state court record in this matter. (ECF Doc. 12, p. 3.) Although Petitioner argues generally that he needs all transcripts to show that "no fair-minded jurist" would agree with the state court decisions (ECF Doc. 13, p. 2), he does not explain the specific relevance of the remaining records to his Petition. He also suggests in his recent Motion for Extension of Time that the prosecutor's statements during opening statements or trial "may have been used from the May 23, 2017 interrogation" (ECF Doc. 14, p. 4), but does not explain how any such references would be material to determining the question before the Court, which is whether Petitioner was denied due process or the right to counsel when police officers continued his custodial interview after he invoked his right to counsel, and the state courts denied his motion to suppress the statements he made in that interview (ECF Doc. 1, p. 5; ECF Doc. 1-1, pp. 3-7).

4

Petitioner acknowledges that his sole ground for relief focuses on the admission of statements from his interrogation at trial. (ECF Doc. 11, p. 2.) Given the limited scope of the Petition, the undersigned finds Petitioner has not adequately explained why the suppression hearing transcript, related portions of the trial transcript, and interview transcript are not sufficient to fully facilitate this Court's review of his Petition.

Given Petitioner's failure to demonstrate that the complete state court transcript is relevant to the adjudication of this Petition, the remainder of the Motion to Compel is DENIED.

### B. Motion for Extension of Time to File the Traverse

As the Court has granted Petitioner's Motion to Compel in part, the Court also GRANTS his Motion for Extension of Time to allow him the opportunity to review the documents Respondent will submit. Petitioner shall file his Traverse on or before April 28, 2025, which is 30 days from the deadline for Respondent to supplement the record.

### III. CONCLUSION

For all the reasons set forth above, Petitioner's Motion to Compel (ECF Doc. 11) is GRANTED IN PART and DENIED IN PART, as follows: Petitioner's Motion is GRANTED as to Volumes 28 and 29 of the trial transcripts and as to his May 23, 2017 interview transcript; Respondent is ORDERED to submit certified copies of the same on or before March 28, 2025. As to all other portions of the state court transcript, Petitioner's Motion to Compel is DENIED. Petitioner's Motion for Extension of Time to File the Traverse is GRANTED. Petitioner shall file his Traverse on or before April 28, 2025.

Dated:

    *s/ Amanda M. Knapp*
    AMANDA M. KNAPP
    UNITED STATES MAGISTRATE JUDGE