IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY FORD, | ) | Case No. 5:24-CV-1502 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN ANGELA STUFF, | ) | **<u>OPINION & ORDER</u>** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On June 1, 2026, Magistrate Judge Amanda M. Knapp issued a report and recommendation (R&R) recommending that the Court deny Ground One (the only ground) in Petitioner Stanley Ford's writ of habeas corpus.  ECF Doc. 20.  On June 29, 2026, Ford filed a *pro se* objection to Magistrate Judge Knapp's R&R.  ECF Doc. 22.  The Court has conducted a *de novo* review of Magistrate Judge Knapp's R&R and agrees with her recommendation.  For the reasons stated below, the Court overrules Ford's objection and adopts the R&R.

I.      **Relevant Background**

Following a jury trial, Ford was convicted of twenty-two counts of aggravated murder, two counts of attempted aggravated murder and two counts of aggravated arson.  ECF Doc. 7-1 at pp. 417-430.  The trial court sentenced Ford to nine consecutive life sentences without the possibility of parole, plus twenty-one years.  The trial court further sentenced Ford to solitary confinement on the following dates for the duration of his life: January 10th, January 15th, April 18th, May 17th, December 8th and December 23rd.  ECF Doc. 7-1 at 446, 589.

Prior to his trial, Ford had filed a motion to suppress "any and all statements obtained as a result of his interrogation, detention and arrest as well as any and all evidence derived as a result of said unlawful interrogation, detention and arrest." ECF Doc. 7-1 at p. 14.  Ford argued he had not been adequately advised of his Miranda rights before interrogation and that police had improperly continued to interrogate him after he invoked his right to counsel. *Id*. at pp. 16-26. The State did not file a written response, but the trial court held a suppression hearing and denied Ford's motion to suppress. *Id*. at pp. 27-45; ECF Doc. 7-2, pp. 2-183.

Through counsel, Ford filed an appeal and raised six assignments of error, one which encompasses the issue now raised in Ford's habeas petition.  The Ohio Court of Appeals affirmed the trial court's judgment. *State v. Ford*, 2023-Ohio-2220 (9th Dist.).  Also, through counsel, Ford filed a memorandum in support of jurisdiction to the Ohio Supreme Court, which declined to accept jurisdiction on October 24, 2023.  ECF Doc. 7-1 at 654; *State v. Ford,* 2023-Ohio-3789.

Ford filed a *pro se* petition for writ of habeas corpus on September 3, 2024.  ECF Doc. 1. Ford's petition raises a single ground for relief: "Petitioner was denied right to counsel and due process of law in violation of Fifth, Sixth, and Fourteenth Amendment under the U.S. Constitution." ECF Doc. 1 at 5.

On June 1, 2026, Magistrate Judge Knapp recommended that the Court deny Ground One of Ford's petition on the merits.  ECF Doc. 20.  On June 29, 2026, Ford filed a *pro se* objection to Magistrate Judge Knapp's R&R.  ECF Doc. 22.  Ford's objection includes an exhaustive recitation of his arguments related to the single ground raised in his petition.

## II.  Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 U.S. App. LEXIS 35044, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.")  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Where proper objections are made, the Court conducts its *de novo* review under the deferential standards of review in 28 U.S.C. § 2254(d)(1)-(2). *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 398 (2000)).

## III.  Ford's Objection

Ford filed a lengthy *pro se* objection.  Some of his objection is unintelligible but, for the most part, he attempts to restate or expound on the arguments he raised in his habeas petition which were rejected by Magistrate Judge Knapp.  Because Ford has simply restated his arguments, generally disagreeing with all aspects of the R&R, the Court could summarily overrule his objection as nonspecific. *See Aldrich,* 327 F. Supp. 2d at 747; Fed. R. Civ. P.

72(b)(3).  However, after conducting a *de novo* review, the Court will briefly explain its

agreement with Magistrate Judge Knapp's R&R below.

IV.     **Law & Analysis**

Magistrate Judge Knapp recommends that Ground One be denied on the merits because:

1) The state court did not err under AEDPA when it found that Ford did not invoke his right to counsel;
2) The police officer's subjective beliefs did not change the analysis; and
3) Further interrogation was not precluded under the circumstances.

Ford's main argument is that police officers should not have continued to question him

after he invoked his right to counsel.  Relatedly, he argues that he did not waive his right to

counsel by continuing to engage with police officers after invoking his Sixth Amendment right.

Magistrate Judge Knapp reviewed the state court of appeals' decision on this issue and

determined that it was not contrary to or an unreasonable application of clearly established

Federal law.  The undersigned has also reviewed the state court of appeals' opinion and agrees

that it was not unreasonable in concluding that the trial court did not err in admitting Ford's

statements into evidence.  The state court of appeals reasoned that Ford had not argued that he

misunderstood his *Miranda* rights (which were given to him more than once) or that his

statements had been involuntary or coerced.  The state court of appeals also found that Ford had

not definitively invoked his right to counsel during interrogation.  Finally, the court of appeals

noted that Ford's statements to officers were not even confessions to the crimes.  ECF Doc. 7-1

at 613-614.  This Court finds no error or misapplication of federal law in the trial court's

admission of Ford's statements or the state appellate court's denial of Ford's appeal.

Ford's lengthy objection to Magistrate Knapp's recommendation on the application of

federal law to ground one of his petition lacks merit.  Accordingly, Ground One of his writ of

habeas corpus is hereby DENIED.

## V.      Conclusion

Upon *de novo* review, the Court agrees with Magistrate Judge Knapp that Ground One of

Ford's petition should be DENIED.  The Court OVERRULES Ford's objection, ADOPTS

Magistrate Judge Knapp's R&R, and DENIES Ford's petition for habeas review.

IT IS SO ORDERED.


Dated: July 1, 2026

*s/Dan Aaron Polster*
United States District Judge